UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

GRAND JURY B-18-1

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 3:19cr65(VLB) |
| v. | VIOLATIONS: |
| KAREEM SWINTON, a.k.a. "K,"<br>ROBERT GRANT HALL, a.k.a. "Chevy,"<br>SHAKERIA NEALY, a.k.a. "Sis,"<br>CLIVENS PIERRE, and<br>ANDRE SMITH, a.k.a. "Dre," | 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(B), 841(b)(1)(C), and 846 (Conspiracy to Distribute and to Possess with Intent to Distribute Heroin, Cocaine and Cocaine Base)<br><br>21 U.S.C. § 843(b)(Use of a Telephone to Facilitate a Drug Trafficking Felony)<br><br>21 U.S.C. § 853 (Criminal Forfeiture) |

SUPERSEDING INDICTMENT

The Grand Jury charges:

COUNT ONE
(Conspiracy to Distribute, and to Possess With Intent to Distribute,
Heroin, Cocaine and Cocaine Base)

1.      From in or about April 2018 through on or about February 20, 2019, the exact dates being unknown to the Grand Jury, in the District of Connecticut and elsewhere, defendants KAREEM SWINTON, a.k.a. "K," ROBERT GRANT HALL, a.k.a. "Chevy," SHAKERIA NEALY, a.k.a. "Sis," CLIVENS PIERRE, and ANDRE SMITH, a.k.a. "Dre," together with Harold Butler, a.k.a. "Haas," Edwin DeJesus, Joshua Glover, Lorenzo Grier, a.k.a "Toot," Joel Hall, a.k.a "Slugz," Georges Labonte, Jerrod Steele, and David Sullivan, a.k.a "D-Day," who are not named as defendants herein but were charged separately, and others known and unknown to the Grand Jury, did knowingly and intentionally conspire to violate the narcotics laws of the United States.

2. It was a part and an object of the conspiracy that the defendants defendants KAREEM SWINTON, a.k.a. "K," ROBERT GRANT HALL, a.k.a. "Chevy," SHAKERIA NEALY, a.k.a. "Sis," CLIVENS PIERRE, and ANDRE SMITH, a.k.a. "Dre," together with Harold Butler, a.k.a. "Haas," Edwin DeJesus, Joshua Glover, Lorenzo Grier, a.k.a "Toot," Joel Hall, a.k.a "Slugz," Georges Labonte, Jerrod Steele, and David Sullivan, a.k.a "D-Day," who are not named as defendants herein but were charged separately, together with others known and unknown to the Grand Jury, would distribute and possess with intent to distribute controlled substances, namely heroin, cocaine and cocaine base ("crack cocaine") in violation of Title 21, United States Code, Section 841(a)(1).

## QUANTITY OF COCAINE INVOLVED IN THE CONSPIRACY

3. Defendant KAREEM SWINTON, a.k.a. "K," knew from his own conduct as a member of the narcotics conspiracy charged in Count One and from the reasonably foreseeable conduct of other members of the conspiracy that the conspiracy involved five kilograms or more of a mixture and substance containing cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(A)(ii).

4. Defendant ROBERT GRANT HALL, a.k.a. "Chevy," knew from his own conduct as a member of the narcotics conspiracy charged in Count One and from the reasonably foreseeable conduct of other members of the conspiracy that the conspiracy involved 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(B)(ii).

5. Defendants CLIVENS PIERRE, and ANDRE SMITH, a.k.a. "Dre," knew from their own conduct as members of the narcotics conspiracy charged in Count One and from the reasonably foreseeable conduct of other members of the conspiracy that the conspiracy involved a

mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(C).

## QUANTITY OF COCAINE BASE INVOLVED IN THE CONSPIRACY

6. Defendants, ROBERT GRANT HALL, a.k.a. "Chevy," and ANDRE SMITH, a.k.a. "Dre," knew from their own conduct as members of the narcotics conspiracy charged in Count One and from the reasonably foreseeable conduct of other members of the conspiracy that the conspiracy involved 28 grams or more of a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(B)(iii).

7. Defendant CLIVENS PIERRE knew from his own conduct as a member of the narcotics conspiracy charged in Count One and from the reasonably foreseeable conduct of other members of the conspiracy that the conspiracy involved a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(C).

## QUANTITY OF HEROIN INVOLVED IN THE CONSPIRACY

8. Defendants KAREEM SWINTON, a.k.a. "K," ROBERT GRANT HALL, a.k.a. "Chevy," and SHAKERIA NEALY, a.k.a. "Sis," knew from their own conduct as members of the narcotics conspiracy charged in Count One and from the reasonably foreseeable conduct of other members of that conspiracy that the conspiracy involved a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(C).

All in violation of Title 21, United States Code, Section 846.

## COUNT TWO
(Use of a Telephone to Facilitate a Drug Trafficking Felony)

9. On or about September 25, 2018, in the District of Connecticut, the defendant CLIVENS PIERRE knowingly, intentionally and unlawfully used a communications facility, that is a telephone, to facilitate the knowing, intentional and unlawful conspiracy to distribute and posses with the with the intent to distribute cocaine base, a Schedule II controlled substance, which act is prohibited by the provisions of Title 21, United States Code, Sections 841(a)(1) and 846.

In violation of Title 21, United States Code, Section 843(b).

## SECTION 851 INFORMATION

10. Pursuant to Title 21, United States Code, Sections 841(b)(1)(A), (b)(1)(B), (b)(1)(C) and 851, upon conviction of the offense charged in Count One of this Superseding Indictment, the defendant KAREEM SWINTON is subject to enhanced penalties as he has been previously convicted of a serious drug felony, as defined by Title 21, United States Code, Section 802(57) as set forth more specifically in paragraph 11 below.

11. On or about August 11, 2009, the defendant KAREEM SWINTON was convicted in the United States District Court for the District of Connecticut, Docket No. 3:08CR249 (SRU), of Conspiracy to Possess with Intent to Distribute and Distribution of 500 Grams or More of Cocaine and 5 Grams or More of Cocaine Base, in violation of Title 21, United States Code, Sections 846 and 841(a)(1) and (b)(1)(B), an offense which carried up to 40 years of incarceration and for which he served more than 12 months' imprisonment and for which he was released from serving a term of imprisonment related to that offense on or about August 27, 2015, which is within 15 years of the commencement of the offense charged in Count One of this Superseding Indictment.

All in accordance with Title 21, United States Code, Sections 802(57), 841(b)(1)(A), (b)(1)(B), (b)(1)(C) and 851.

## FORFEITURE ALLEGATION
(Controlled Substances Offenses)

12. Upon conviction of one or more of the controlled substance offenses alleged in this Superseding Indictment, the Defendants KAREEM SWINTON, a.k.a. "K," ROBERT GRANT HALL, a.k.a. "Chevy," SHAKERIA NEALY, a.k.a. "Sis," CLIVENS PIERRE, and ANDRE SMITH, a.k.a. "Dre," shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, all right, title, and interest in any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the violations of Title 21, United States Code, Sections 841 and 846, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, these violations and a sum of money equal to the total amount of proceeds obtained as a result of the offenses.

13. If any of the above-described forfeitable property, as a result of any act or omission of the defendants named in this Superseding Indictment: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or disposed with, a third person; (c) has been placed beyond the jurisdiction of the United States District Court for the District of Connecticut; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be subdivided without difficulty; it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants, up to the value of the above-described forfeitable property.

All in accordance with Title 21, United States Code, Section 853 and Rule 32.2(a) of the Federal Rules of Criminal Procedure.

A TRUE BILL

s/Foreperson

FOREPERSON

UNITED STATES OF AMERICA

_____
LEONARD C. BOYLE
FIRST ASSISTANT UNITED STATES ATTORNEY

_____
NATASHA M. FREISMUTH
ASSISTANT UNITED STATES ATTORNEY