UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | No. 3:19-cv-65-1 (VLB) |
| v. | : | |
| | : | |
| KAREEM SWINTON | : | April 22, 2020 |
|    Defendant. | : | |
| | : | |

**Ruling and Order Granting in Part and Denying in Part Defendant's Motion to Strike Surplusage from the Superseding Indictment [Dkt. 1027]**

Kareem Swinton, charged with conspiracy to distribute and to possess with intent to distribute heroin, cocaine, and cocaine base, moves to strike what he characterizes as surplusage from the Superseding Indictment filed on March 18, 2020, and entered March 26, 2020. [Dkt. 350 (Mot.), 351 (Mem. Supp. Mot.)]. The Government challenges that characterization and on that basis opposes his motion. [Dkt. 352]. Mr. Swinton replies. [Dkt. 358]. After considering the briefing, the Court grants in part and denies in part Mr. Swinton's motion.

I.    <u>Legal Standard</u>

"Upon the defendant's motion, the court may strike surplusage from the indictment or information." Fed. R. Crim. P. 7(d). "Motions to strike surplusage from an indictment will be granted only where the challenged allegations are 'not relevant to the crime charged and are inflammatory and prejudicial.'" *United States v. Hernandez*, 85 F.3d 1023, 1030 (2d Cir. 1996) (quoting *United States v. Scarpa*, 913 F.2d 993, 1013 (2d Cir. 1990)). "[I]f evidence of the allegation is admissible and relevant to the charge, then regardless of how prejudicial the language is, it may not be stricken." *Scarpa*, 913 F.2d at 1013 (quoting *United States v. DePalma,* 461

F.Supp. 778, 797 (S.D.N.Y.1978)). "The danger to be protected against is that material prejudicial and otherwise inadmissible will be conveyed to the jury when the indictment is read." *United States v. Bonanno*, 177 F. Supp. 106, 116 (S.D.N.Y. 1959) (granting in part and denying in part motion to strike).

II.     **Background**

The Superseding Indictment includes the following new language:

### SECTION 851 INFORMATION

**10. Pursuant to Title 21, United States Code, Sections 841(b)(l)(A), (b)(l)(B), (b)(l)(C) and 851, upon conviction of the offense charged in Count One of this Superseding Indictment, the defendant KAREEM SWINTON is subject to enhanced penalties as he has been previously convicted of a serious drug felony, as defined by Title 21, United States Code, Section 802(57) as set forth more specifically in paragraph 11 below.**

**11. On or about August 11, 2009, the defendant KAREEM SWINTON was convicted in the United States District Court for the District of Connecticut, Docket No. 3 :08CR249 (SRU), of Conspiracy to Possess with Intent to Distribute and Distribution of 500 Grams or More of Cocaine and 5 Grams or More of Cocaine Base, in violation of Title 21, United States Code, Sections 846 and 841(a)(l) and (b)(l)(B), an offense which carried up to 40 years of incarceration and for which he served more than 12 months' imprisonment and for which he was released from serving a term of imprisonment related to that offense on or about August 2 7, 2015, which is within 15 years of the commencement of the offense charged in Count One of this Superseding Indictment. All in accordance with Title 21, United States Code, Sections 802(57), 841(b)(l)(A), (b)(l)(B), (b)(l)(C) and 851.**

[Dkt. 348 (Superseding Indictment) at ¶¶10-11]. The Superseding Indictment also provides the dates of the charged conspiracy in its first paragraph, just as did the Original Indictment:

1. From in or about April 2018 through on or about February 20, 2019, the exact dates being unknown to the Grand Jury, in the District of Connecticut and elsewhere, defendants… and others known and unknown to the Grand Jury, did knowingly and intentionally conspire to violate the narcotics laws of the United States.

*Id.* at ¶1; [Dkt. 21 (Original Redacted Indictment) at ¶ 1]. Per *Hernandez*, the question is whether this additional information is "not relevant to the crime charged and [is] inflammatory and prejudicial." 85 F.3d at 1030.

### III. Analysis

The "fact of an earlier conviction is not an element of the present crime" if it is a factor that affects penalties only, so it need not be charged in an indictment, even if it increases a defendant's maximum sentence. *Almendarez-Torres*, 523 U.S. 224, 226-27, 235 (1998) (relying on, among other grounds, the risks of "unfairness" and "significant prejudice" generated by the introduction of prior crimes). In the Second Circuit, the judge retains, "consistent with due process, the task of finding not only the mere fact of previous convictions but other related issues as well." *United States v. Dantzler*, 771 F.3d 137, 144 (2d Cir. 2014). "While the exact scope of the phrase 'fact of a prior' conviction has yet to be determined, the conviction itself and the type and length of a sentence imposed seem logically to fall within this exception." *United States v. Fagans*, 406 F.3d 138, 141–42 (2d Cir. 2005) (citing *Shepard v. United States,* 544 U.S. 13 (2005)).

But, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). "Any fact that increases the mandatory minimum is an

'element' that must be submitted to the jury." *Alleyne v. United States*, 570 U.S. 99, 103 (2013) (but declining to revisit *Almendarez-Torres*).

Proceedings to establish prior convictions are subject to a separate statutory scheme laid out in 21 U.S.C. § 851. It provides that if a defendant denies a prior conviction, the court, after a hearing without a jury, will make the determination. 21 U.S.C. § 851(d). That section requires the particulars of the prior conviction be presented by information to the court. 21 U.S.C. § 851(a)(1). That requirement together with the language of the instant criminal statute reflects a statutory scheme that solidifies the conclusion that inclusion of the prior offense in the indictment is surplusage as the defense contends.

Here, the Superseding Indictment charges Mr. Swinton with enhanced penalties under 21 U.S.C. § 841(b) for his narcotics conspiracy charge due to his "prior conviction for a serious drug felony," rather than a separate crime. [Dkt. 348 at ¶¶10-11]. The title of 21 U.S.C. § 841 is "Prohibited Acts A," indicating the Congressional intent that it denote the offense, while the title of sub-section § 841(b) is "Penalties," reflecting the Congressional intent that that subsection denotes the classes or means of committing the prohibited act and the corresponding penalties based on the relative severity of the conduct. *Almendarez-Torres v. United States*, 523 U.S. at 234 (1998) ("[T]he title of a statute and the heading of a section are tools available for the resolution of a doubt about the meaning of a statute."); *see* Pub. L. 91-513 § 401, 84 Stat. 1236, 1260-61 (1970) (establishing 21 U.S.C. § 841 using section title "Prohibited Acts A" and sub-section notation "Penalties"). The enhanced mandatory minimum sentence

provisions with which Mr. Swinton is charged are within the "Penalties" subsection. 21 U.S.C. § 841(b). The conclusion that they are penalty provisions is even more compelling because they are not means of committing the prohibited act, but are instead imposed for acts which arise from a nucleus of fact separate and distinct from the prohibited act defined in subsection (a) of Section 841. Enhanced penalties based on recidivism are more akin to sentencing factors, indicative of the need to promote respect for the law, the need for specific deterrence, and the need to protect the public from an incorrigible individual. *See* 18 U.S.C. §3553(a); *Almendarez-Torres*, 523 U.S. at 243.

The enhanced penalties apply if the Government proves that a defendant committed the instant offense "after a prior conviction for a serious drug felony or serious violent felony has become final." 21 U.S.C. § 841(b)(1)(A)-(B).[1] A "serious drug felony" is "an offense described in section 924(e)(2) of Title 18 for which—(A) the offender served a term of imprisonment of more than 12 months; and (B) the offender's release from any term of imprisonment was within 15 years of the commencement of the instant offense." 21 U.S.C. § 802(57).

---

[1] The predicates that generate enhanced statutory penalties under 21 U.S.C. 841(b) were altered by Section 401 of the First Step Act of 2018, Pub. Law 115-391, 132 Stat. 5194 (Dec. 21, 2018) (First Step Act), a section titled "Reduce and restrict enhanced sentencing for prior drug felonies." First Step Act § 401. The amendments "apply to any offense that was committed before the date of enactment of [the First Step Act], if a sentence for the offense has not been imposed as of such date of enactment." *Id.* § 401(c). Accordingly, the First Step Act's new provisions apply only to an initial sentencing that takes place on or after December 21, 2018.

To show that "[a] prior conviction for a serious drug felony" supports a sentencing enhancement, the Government must establish four facts:

(1) Mr. Swinton was convicted of an offense described in 18 U.S.C. 924(e)(2);

(2) Mr. Swinton 'served a term of imprisonment of more than 12 months' for that conviction;

(3) Mr. Swinton was released on or about a particular date ("Date X"); and

(4) the instant offense commenced on or about a particular date ("Date Y"), which date is within fifteen years of Date X.

21 U.S.C. § 802(57).

The parties do not contest that the first three facts are facts of a prior conviction to be used in determining a penalty. They are therefore not subject to inclusion in the indictment, per the cases discussed above, *Almenderaz-Torres*, 523 U.S. 224, *Dantzler*, 771 F. 3d 137, and *Fagans*, 406 F.3d 138. The Government's sole argument in favor of retaining the new indictment language is that the fourth fact "is a fact other than prior conviction that increases a defendant's statutory minimum, and thus, it must therefore be submitted to the jury and found beyond a reasonable doubt." [Dkt. 352 at 3].

The date on which a narcotics conspiracy commenced "is not an element of the conspiracy offense," and, for the purposes of the underlying conspiracy charge, need neither be submitted to the jury nor proven beyond a reasonable doubt:

> Although the statute of limitations may inhibit prosecution, it does not render the underlying conduct noncriminal.… The Government need not allege the time of the offense in the indictment, and it is up to the defendant to raise the limitations defense. A statute-of-

> **limitations defense does not call the criminality of the defendant's conduct into question, but rather reflects a policy judgment by the legislature that the lapse of time may render criminal acts ill suited for prosecution. Thus, although union of withdrawal with a statute-of-limitations defense can free the defendant of criminal liability, it does not place upon the prosecution a constitutional responsibility to prove that he did not withdraw. As with other affirmative defenses, the burden is on him.**

*Smith v. United States*, 568 U.S. 106, 112 (2013) (citations omitted) (defendant who was charged with, among other crimes, violation of 21 U.S.C. § 846 arguing affirmative defense of withdrawal). *But see Ledbetter v. United States*, 170 U.S. 606, 612 (1898) ("Ordinarily, proof of any day before the finding of the indictment, and within the statute of limitations, will be sufficient." (emphasis added)).

Instead, under *Alleyne*, the date on which the instant offense commenced is a fact, other than that of a prior conviction, that "increases the mandatory minimum" for the purposes of § 841(b). *Alleyne,* 570 U.S. at 103. Therefore, the Court agrees with the Government that the date on which the instant offense commenced is "an 'element' that must be submitted to the jury" separately. *Id.*

However, the remainder of the Section 851 Information section of the Superseding Indictment only consists of allegations of Mr. Swinton's prior conviction, allegations which are not elements of the crime. *Almendarez-Torres*, 523 U.S. at 226, 244 (distinguishing sentencing enhancements which depend on prior convictions from crimes defined by conduct which is lawful but for the person's prior conviction, such as the offense defined by 18 U.S.C. 924(g)(1)). Further, such allegations are inflammatory, prejudicial and otherwise inadmissible in this form. *Almendarez-Torres*, 523 U.S. at 235; Fed. R. Evid. 404(b). Finally, the

**fact of a prior conviction is not decided by a jury, but rather is decided by the court in a proceeding parallel to the jury trial or plea proceeding pursuant to an information. 21 U.S.C. § 851. If the person denies any allegation of the information of prior conviction, or claims that any conviction alleged is invalid, he must file a written response to the indictment and the court must hold a hearing to decide any issues raised by the response which would except the person from increased punishment. 18 U. S. C. §851(c)(1).**

The only portion of Paragraphs 10 and 11 of the Superseding Indictment which is not an allegation of the prior conviction, and therefore the only issue the jury must decide, is the temporal proximity of the sentence imposed for the prior conviction to the date the offense charged in Count One commenced.

## IV. Conclusion and Order

For the reasons given, the Court grants in part and denies in part Mr. Swinton's motion.

IT IS HEREBY ORDERED ADJUDGED AND DECREED:

The "Section 851 Information" paragraphs of the Superseding Indictment to be published to the jury must therefore be amended to read, with changes shown:

### Section 851 Information

10. ~~Pursuant to Title 21, United States Code, Sections 841(b)(I)(A), (b)(I)(B),(b)(I)(C) and 851, upon conviction of the offense charged in Count One of this Superseding Indictment, the defendant~~

~~KAREEM SWINTON is subject to enhanced penalties as he has been previously convicted of a serious drug felony, as defined by Title 21, United States Code, Section 802(57),~~ as set forth more specifically in paragraph 11 below.

~~11. On or about August 11, 2009, the defendant KAREEM SWINTON was convicted in the United States District Court for the District of Connecticut, Docket No. 3:08CR249 (SRU), of Conspiracy to Possess with Intent to Distribute and Distribution of 500 Grams or More of Cocaine and 5 Grams or More of Cocaine Base, in violation of Title 21, United States Code, Sections 846 and 841(a)(l) and (b)(l)(B), an offense which carried up to 40 years of incarceration and for which he served more than 12 months' imprisonment and for which he was released from serving a term of imprisonment related to that offense on or about~~ August 27, 2015~~, which~~ is within 15 years of the commencement of the offense charged in Count One of this Superseding Indictment.

~~All~~ [I]n accordance with Title 21, United States Code, Sections 802(57), 841(b)(l)(A), (b)(l)(B), (b)(l)(C) and 851.

That is, the "Section 851 Information" paragraphs of the Superseding Indictment should read, in final form:

<u>Section 851 Information</u>

10. August 27, 2015 is within 15 years of the commencement of the offense charged in Count One of this Superseding Indictment.

In accordance with Title 21, United States Code, Sections 802(57), 841(b)(l)(A), (b)(l)(B), (b)(l)(C) and 851.

    ____/s/____

**Honorable Vanessa L. Bryant**

**District of Connecticut**

**Dated at Hartford, Connecticut: April 22, 2020**