UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **UNITED STATES OF AMERICA** | Crim. No. 3:19cr65(VLB) |
| v. | |
| **KAREEM SWINTON** | November 17, 2020 |

### GOVERNMENT'S MOTION FOR *FRYE* HEARING

On March 5, 2019, a federal grand jury returned an indictment against defendant Swinton and his twelve co-defendants. Doc. 21. Swinton was charged in one of the twelve counts with the following offense:

> Conspiracy to possess with intent to distribute, and to possess with intent to distribute, five kilograms or more of cocaine, and an unspecific amount of heroin, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(C), and 846 (Count One).

*Id.*

On March 18, 2020, the grand jury returned a superseding indictment against the defendant and his remaining four co-defendants. The superseding indictment added an enhancement provision for Swinton's prior federal narcotics conviction, increasing the statutory penalties from a 10 years mandatory minimum term of imprisonment to a 15 years mandatory minimum term of imprisonment, as well as increasing the supervised release terms and fine provision. Doc. 348. On April 17, 2020, the Government filed a Notice pursuant to 21 U.S.C. § 851 notifying Swinton of the increased potential penalties. Doc. 361.

On October 26, 2020, the Government sent Swinton's counsel a plea offer.

To date, Swinton has not accepted or rejected the offer. Jury selection in this matter is presently scheduled for January 19, 2021. Doc. 435. The Government, therefore, respectfully moves the Court to refer this motion to a United States Magistrate Judge, for the purpose of conducting a hearing to canvas the defendant and his counsel pursuant to *Missouri v. Frye*, 132 S. Ct. 1399 (2012).

In *Frye*, the Supreme Court encouraged the use of procedures to guard against later claims that counsel was ineffective for failing to advise a defendant as to the existence of, and the terms contained in, a plea offer from the Government. For example, the Court cited with favor a procedure encouraging parties to "memorialize in some fashion prior to trial (1) the fact that a plea bargain offer was made, and (2) that the defendant was advised of the offer [and] its precise terms, ... and (3) the defendant's response to the plea bargain offer." *Id*. at 1408-1409 (internal citations and quotations omitted).

Given Fed. R. Crim. P. 11(c)(1)'s requirement that "[t]he court must not participate in [plea] discussions," the Government respectfully recommends that the Court make only the following inquiries of the defendant and his counsel:

1) That the defendant has seen the Superseding Indictment in this case and reviewed it with his lawyer;

2) That the defendant understands he is charged in Count One of the Superseding indictment with conspiracy to distribute and possess with the intent to distribute 5 kilograms or more of cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A);

3) That the defendant understands that Count One of the Superseding Indictment carries a maximum term of life in prison as well as a mandatory minimum term of 10 years imprisonment, which becomes a mandatory minimum term of 15 years imprisonment based on the defendant's prior conviction for a serious drug felony;

4) That the defendant and his counsel have seen the Government's plea offer dated October 26, 2020;

5) That the defendant has reviewed the October 26, 2020 plea offer with his lawyer and understands the terms of the plea offer;

6) That the defendant understands the evidence the Government will present if this matter proceeds to trial; and

7)     **That the defendant rejects the plea offer.**

        **Respectfully submitted,**

        **JOHN H. DURHAM**
        **UNITED STATES ATTORNEY**

        **/s/**

        **NATASHA FREISMUTH**
        **ASSISTANT U.S. ATTORNEY**
        **FEDERAL BAR NO. PHV05772**
        **157 CHURCH STREET, 25TH FLOOR**
        **NEW HAVEN, CT 06515**
        **203-821-3700**

**CERTIFICATE OF SERVICE**

      I hereby certify that on November 17, 2020, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.   Parties may access this filing through the Court's CM/ECF System.

/s/

NATASHA M. FREISMUTH
ASSISTANT U.S. ATTORNEY