**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KAREEM SWINTON,<br>*Defendant*. | No. 3:19-cr-65 (JAM) |

**ORDER DENYING MOTION FOR JUDGMENT OF ACQUITTAL OR NEW TRIAL**

The defendant Kareem Swinton has moved for a judgment of acquittal or a new trial. For the reasons set forth below, I will deny the motion.

**BACKGROUND**

Following several days of trial, a federal jury returned verdicts of guilty against Swinton on one charge of conspiracy to distribute controlled substances from approximately April 2018 to February 20, 2019 (Count One) and on one charge of possession with intent to distribute and to distribute a controlled substance on December 8, 2018 (Count Two).[1] The jury concluded by special interrogatories that the government had proven Swinton's involvement in the conspiracy with powder cocaine and crack cocaine but not with fentanyl or heroin.[2]

Swinton has now moved for a judgment of acquittal pursuant to Fed. R. Crim. P. 29 and/or for a new trial pursuant to Fed. R. Crim. P. 33.[3] The government opposes the motion.[4]

**DISCUSSION**

Rule 29 of the Federal Rules of Criminal Procedure provides that "the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is

[1] Doc. #915.
[2] *Ibid.*
[3] Doc. #961.
[4] Doc. #967.

insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). In considering such a challenge, I must review the evidence in the light most favorable to the government, and I must give full play to the right of the jury to determine credibility, to weigh the evidence, and to draw justifiable inferences of fact. *See United States v. Landesman*, 17 F.4th 298, 319-20 (2d Cir. 2021). The evidence must be viewed in its totality, and the government need not negate every theory of innocence. *Id.* at 319. All in all, the jury's verdict must be upheld if any rational trier of fact could have found the essential elements of the crime to have been proven beyond a reasonable doubt. *Ibid.*[5]

Rule 33 of the Federal Rules of Criminal Procedure allows a court to "vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). "Generally, the trial court has broader discretion to grant a new trial under Rule 33 than to grant a motion for acquittal under Rule 29, but it nonetheless must exercise the Rule 33 authority sparingly and in the most extraordinary circumstances." *United States v. Ferguson*, 246 F.3d 129, 134 (2d Cir. 2001). The "ultimate test" for a Rule 33 motion is "whether letting a guilty verdict stand would be a manifest injustice." *United States v. Alston*, 899 F.3d 135, 146 (2d Cir. 2018).

I have previously issued a lengthy ruling with respect to the admissibility of co-conspirator statements, and my ruling reviews much of the evidence that the government introduced at trial.[6] In this ruling I explained how the evidence showed that Swinton joined a conspiracy with others including but not limited to Harold Butler, Robert Hall, and David Sullivan to distribute controlled substances in Connecticut.[7] The evidence included a large

[5] Unless otherwise indicated, this ruling omits internal quotation marks, alterations, citations, and footnotes in text quoted from court decisions.
[6] Doc. #913; *United States v. Swinton*, 2022 WL 3053767 (D. Conn. 2022).
[7] Doc. #913 at 11-12.

number of clearly drug-related wiretap conversations between Swinton and these individuals demonstrating Swinton's role as a supplier of some form of controlled substances and his intentions to distribute some form of controlled substances to them.[8]

The trial evidence also showed that Swinton came to Connecticut on December 8, 2018 where he was observed by law enforcement officers carrying either a knapsack or a plastic bag into locations associated with Sullivan and Butler and then leaving empty-handed a short time later.[9] This surveillance evidence was paired with contemporaneous wiretap communications reflecting Swinton's intent to distribute controlled substances to Sullivan and Butler.[10]

Although my ruling with respect to the admissibility of co-conspirator statements required me to make findings only by a preponderance-of-evidence standard, I conclude that the same evidence—largely involving Swinton's own statements—would equally have allowed a reasonable jury applying a beyond-a reasonable-doubt standard to conclude that Swinton was guilty of both the conspiracy charged in Count One and the unlawful distribution as charged in Count Two.

The evidence was also enough to show beyond a reasonable doubt that at least one of the controlled substances distributed by Swinton was cocaine. This was apparent from wiretap conversations involving Swinton in which he discussed quantities and prices that are consistent with cocaine and in which there was also discussion of the cooking of a substance such as is done to convert powder cocaine to crack cocaine.[11] In addition, there were multiple controlled purchase transactions of cocaine from Butler during the timeframe of the conspiracy, as well as

[8] *Ibid.*
[9] *Id.* at 4-5.
[10] *Id.* at 11-12; Doc. #967 at 5-6 (summarizing surveillance and wiretap evidence of December 8 with respect to Swinton's dealings with Butler and Sullivan).
[11] *Id.* at 3-4 (citing exhibits).

cocaine and cocaine base that was recovered from Butler's residence and his "Hat Boyz" business when he was arrested at the end of the conspiracy.[12]

Swinton argues that the government never engaged in controlled purchases of drugs from him or seized any drug evidence from his person.[13] But the fact that the government's evidence could have been stronger does not mean that it was not strong enough to support a jury's verdict. The jury was entitled to base its verdict on circumstantial evidence as described above to show that Swinton joined a conspiracy to distribute cocaine and that he also distributed a controlled substance on December 8, 2018. *See Landesman*, 17 F.4th at 320.

Accordingly, I will deny Swinton's Rule 29 motion for a judgment of acquittal. The evidence was enough to prove beyond a reasonable doubt both the conspiracy charge and the distribution charge as alleged in Counts One and Two.

As for Swinton's Rule 33 motion for a new trial, Swinton's motion does nothing but challenge the sufficiency of the evidence. Because this challenge lacks merit for the reasons I have reviewed above and because Swinton does not identify any procedural, instructional, or evidentiary error that might warrant a new trial, I will deny Swinton's Rule 33 motion for a new trial.

---

[12] *Id.* at 5 (citing exhibits); Doc. #961 at 5.
[13] *Id.* at 9.

## CONCLUSION

For the reasons explained above, the Court DENIES the motion for judgment of acquittal and/or new trial (Doc. #961).

It is so ordered.

Dated at New Haven, Connecticut this 28th day of January 2023.

**/s/ *Jeffrey Alker Meyer*** ______
Jeffrey Alker Meyer
United States District Judge